(Judge Laubie of the Seventh Circuit sitting in place of Judge Winch.)

CLEVELAND ELEC. RY. CO. V. CHARLES WADSWORTH.

1. PASSENGER CROSSING TRACKS WITHOUT TAKING PRECAUTIONS FOR SAFETY, NEGLIGENT.

It is contributory negligence, precluding recovery, for a passenger, upon alighting at night from a street car, to pass around the rear end of the car and attempt to.cross a parallel track upon which cars are running in an opposite direction every three minutes, without looking in that direction, or checking his pace, or taking any precautions for his safety, he having knowledge of the surroundings and situation of the tracks and of the operation of cars thereon.

2. WHERE EVIDENCE PRESENTS QUESTION OF LAW, IMPROPER TO SUBMIT TO JURY.

Where the only rational conclusion from the evidence in an action for personal injuries is that plaintiff's negligence,contributed to his injury, the case should be taken from the jury and judgment rendered for defendant.

ERROR to common pleas of Cuyahoga county.

Squire, Sanders & Dempsey, for plaintiff:

Plaintiff was not a passenger. Creamer v. Street Ry. Co. 156 Mass. 320 [31 N. E. Rep. 391; 16 L. R. A. 490] ; Platt v. Railway Co. 2 Hun (N. Y.) 124.

Plaintiff was guilty of contributory negligence in failing to take precautions for safety before crossing track. Cleveland, C. & C. Ry. Co. v. Crawford, 24 Ohio St. 631; Cleveland, C. C. & I. Ry. Co. v. Elliott, 28 Ohio St. 340; Pennsylvania Co. v. Rathgeb, 32 Ohio St. 66; Railway Co. v. Whitacre, 35 Ohio St. 627; New York, C. & St. L. Ry. Co. v. Kistler, 66 Ohio St. 326 [64 N. E. Rep. 130] ; Cincinnati St. Ry. v. Snell, 54 Ohio St. 197 [43 N. E. Rep. 207; 32 L. R. A. 276] ; Robbins v. Street Ry. Co. 165 Mass. 30 [42 N. E. Rep. 334] ; Scannell v. Railway Co. 176 Mass. 170 [57 N. E. Rep. 341] ; Smith v. Union Trunk Line, 18 Wash. 351 [51 Pac. Rep. 400; 45 L. R. A. 169] ; Doherty v. Street Ry. Co. 118 Mich. 209 [76 N. W. Rep. 377; 80 N. W. Rep. 36] ; McCarthy v. Street Ry. Co. 120 Mich. 400 [79 N. W. Rep. 631] ; Doty v. Railway Co. 129. Mich. 464 [88 N. W. Rep. 1050] ; Stowers v. Railway Co. 21 Ind. App. 434 [52 N. E. Rep. 710] ; Downing v. Railway Co. 68 Ohio St. 648, unreported; Dummer v. Electric Ry. & Light Co. 108 Wis. 589 [84 N. W. Rep. 853] ; Cawley v. Railway Co. 101 Wis. 145 [77 N. W. Rep. 179] ; Ryan v. Railway Co. 108 Wis. 122 [83 N. W. Rep. 770] ; Booth, Street Railways Sec. 312; Watkins v. Traction Co. 194 Pa. 564 [45 Atl. Rep. 321].

**W. H. Boyd, J. W. Taylor** and **F. H. Garry,** for defendant:

The question of negligence should have been submitted to the jury. Ellis v. Life Ins. & Tr. Co. 4 Ohio St. 628; Cincinnati St. Ry. Co. v. Snell, 54 Ohio St. 197 [43 N. E. Rep. 207; 32 L. R. A. 276]; Dick v. Railway Co. 38 Ohio St. 389; Stockstill v. Railway Co. 24 Ohio St. 83; Lake Shore & M. S. Ry. Co. v. Murphy, 50 Ohio St. 135 [33 N. E. Rep. 403]; 7 Am. & Eng. Enc. Law (2 ed.) 456.

Contributory negligence must be alleged and proven by defendant. Cleveland, C. & C. Ry. Co. v. Crawford, 24 Ohio St. 631; Baltimore & O. Ry. Co. v. Whitacre, 35 Ohio St. 627; Street Ry. Co. v. Nolthenius, 40 Ohio St. 376.

Plaintiff was not guilty of contributory negligence as a matter of law. Beach, Contrib. Neg. (2 ed.) Secs. 287, 288, 289, 290; 2 Shearman & Redfield, Negligence (5 ed.) 485a, b, c; Lynam v. Railway Co. 114 Mass. 83; Robbins v. Street Ry. Co. 165 Mass. 30 [42 N. E. Rep. 334]; Murphy v. Transfer Co. 167 Mass. 199 [45 N. E. Rep. 93]; Brooks v. Street Ry. Co. 22 Neb. 816 [36 N. W. Rep. 529]; Omaha St. Ry. Co. v. Loehneisen, 40 Neb. 37 [58 N. W. Rep. 535]; Driscoll v. Street Cable Ry. Co. 97 Cal. 553 [32 Pac. Rep. 591]; Clark v. Bennett, 123 Cal. 275 [55 Pac. Rep. 908]; Chicago City Ry. Co. v. Robinson, 127 Ill. 9 [18 N. E. Rep. 772; 4 L. R. A. 126]; Wallen v. Street Ry. Co. 82 Ill. App. 103; Shea v. Railway Co. 50 Minn. 395 [52 N. W. Rep. 902]; Consolidated Trac. Co. v. Scott, 58 N. J. Law 682 [34 Atl. Rep. 1094; 33 L. R. A. 122]; Consolidated Trac. Co. v. Haight, 59 N. J. Law 577 [37 Atl. Rep. 135]; Smith v. Union Trunk Line, 18 Wash. 351 [51 Pac. Rep. 400; 45 L. R. A. 169]; Burian v. Electric Co. 26 Wash. 606 [67 Pac. Rep. 214]; Roberts v. Street Ry. Co. 23 Wash. 325 [63 Pac. Rep. 506]; Traver v. Railway Co. 25 Wash. 225 [65 Pac. Rep. 284]; Chisholm v. Electric Co. 27 Wash. 237 [67 Pac. Rep. 601]; Moebus v. Herrmann, 108 N. Y. 349 [15 N. E. Rep. 415]; Costello v. Railway Co. 161 N. Y. 317 [55 N. E. Rep. 897]; Cincinnati St. Ry. Co. v. Snell, 54 Ohio St. 197 [43 N. E. Rep. 207; 32 L. R. A. 276]; Newark Pass. Ry. Co. v. Block, 55 N. J. Law 605 [27 Atl. Rep. 1067; 22 L. R. A. 374].

Company negligent in not warning plaintiff of danger from other cars. 1 Thompson, Negligence Sec. 1461.

## LAUBIE, J.

This is a proceeding in error brought to reverse judgment of the court below, rendered in favor of Wadsworth against the company for personal injuries received while crossing the tracks of the company at Auburndale avenue, in East Cleveland.

On the trial at the conclusion of the evidence, counsel for the railway company made a motion to take the case from the jury and for the court to enter judgment for defendant, which the court refused to do, and in this respect we think the court erred.

The evidence on the part of the plaintiff differed in no material respect from the evidence introduced on the part of the defendant as to the accident, and the whole evidence showed beyond any rational doubt that Wadsworth was himself guilty of contributory negligence. He was on the car going east, and he notified the conductor that he desired to get off at Auburndale avenue. The conductor gave the signal to the motorman and the car began to slow up. Wadsworth was on the rear end of the car, and as the car slowed up and just before it reached the crossing, he notified the conductor that he might go ahead, and he stepped off. Immediately the conductor gave the motorman the signal to go ahead, and the car started at an increased rate of speed. As Wadsworth stepped off, he stepped off facing the east. He says he turned around and walked around the end of the car across the first track and onto the devil strip toward the second track at an ordinary gait, and as he was still stepping forward and was about to touch the south rail of the westbound track, he saw the westbound car and its headlight in front of him, and some portion of the car struck him and knocked him down and injured him. He had been living at Auburndale avenue for some considerable time, and had been using the cars of the street railway company daily; he knew of the situation, the surroundings, and he knew that cars were in the habit of running there on those tracks substantially every three minutes; that he was not upon the crosswalk, or where the crosswalk should be, but that he got off just before he reached the crosswalk. He testified that he remembered all that took place until he was struck, and after that he remembered nothing until after he was at the hospital. On this trial he claimed he remembered everything that occurred up to the time he was struck, although he did not on a former trial; but he admitted that while upon the car he was thinking of some matters of business that he had to attend to the following day. He could not remember, as he walked across the tracks, what he was thinking of then. So that, so far as his mind was concerned, it was not upon his surroundings at all; he had not in his mind the fact that cars were running as frequently as he named, westward upon the westbound track which he had to cross, and he did not look to see; he neither stopped to observe nor did he look eastward upon the westbound track. That was the only direction from which danger could be apprehended, and he was not required to look in both directions, as no cars ran eastward upon the westbound track. With all this knowledge of the surrounding circumstances and the danger

to be apprehended, his mind was not upon the danger, nor upon the question of his own safety, nor whether any car that might be coming from the east might injure him. Without regard at any time to the surroundings, he was going, as he says, at an ordinary gait, and as some of his own witnesses testify at a very lively, quick gait, and he stepped right forward and was in the act of still stepping forward when he was struck. He just had time, he said, to throw up his hands. It was somewhere between ten and eleven o'clock at night and the headlight on the westbound car was burning brightly.

Now, under such circumstances, even upon his own testimony, which was in no sense different from that of all the other witnesses, it is evident that there could be no rational conclusion save that his own negligence contributed to his injury.

There can be no question about the negligence of the railway company, of the men who were in charge of the westbound car; they were running at too great a rate of speed, in passing a car that was stopping at this crossing. But it is evident, from his own testimony, and from all the testimony in the case, that the plaintiff was himself guilty of negligence contributing to his injury.

There was no question to submit to the jury; it was simply a question of law for the court to determine, whether or not he had a right to recover.

The case is entirely different from the case referred to, Cincinnati St. Ry. Co. v. Snell, 54 Ohio St. 197 [43 N. E. Rep. 207; 32 L. R. A. 276]; and is precisely the same character of case referred to by Spear, J., in the majority opinion, when he said, page 201:

"The ground upon which the common pleas directed a verdict was that the plaintiff's evidence disclosed contributory negligence of such a character as to preclude recovery. In other words, the holding was that, as a matter of law, the plaintiff was guilty of contributory negligence. If the plaintiff's conduct. as shown by undisputed facts, left no rational inference but that of negligence, then the ruling was right, but if the question of contributory negligence depended upon a variety of circumstances from which different minds might arrive at different conclusions as to whether there was negligence or not, then the ruling was wrong."

The recovery was affirmed in that case because the plaintiff himself testified that he looked in both directions at the time for an approaching car.

The testimony here was precisely the opposite, and it was the duty of the court under the circumstances, to take the case from the jury and render judgment for the defendant.

Proceeding to render, therefore, the same judgment that the court

below should have rendered, the judgment below will be reversed and judgment entered for the railway company for its costs, and the petition of the plaintiff dismissed.

## NUISANCE—SEWERS—DAMAGES—EQUITY—ESTOPPEL.

[Cuyahoga (8th) Circuit Court, November 30, 1903.]

Hale, Marvin and Winch, JJ.

STANDARD BAG & PAPER, CO. V. CLEVELAND (CITY).

1. EQUITY MAY RESTRAIN NUISANCE OR AWARD DAMAGES.

In an action to restrain the commission of a nuisance and to recover damages therefor, equity has jurisdiction and damages may be awarded, even if the court for some reason considers that it will not grant an injunction.

2. ACTION DOES NOT ABATE UPON TRANSFER OF PLAINTIFF'S TITLE, WHEN.

Such action does not abate upon transfer after suit brought of plaintiff's title to the property damaged by continuance of the nuisance, if plaintiff's grantee participates in the trial and ratifies its prosecution.

3. KNOWLEDGE OF PLANS AND SILENCE ALONE NOT SUCH LACHES AS TO ESTOP.

Mere knowledge that a city is constructing a system of sewers at large expense which may cast filth upon one's land, and failure to protest, when it does not appear that the plaintiff in any way encouraged the adoption of the system, or induced the city to so direct its sewers, do not work an estoppel or constitute such laches as to bar a recovery in an action against the city for maintaining a nuisance.

4. PUBLIC NUISANCE BY PLAINTIFF NO ANSWER TO PRIVATE NUISANCE BY DEFENDANT.

In an action against a city by the proprietor of land within it through which runs a stream, to restrain the city from polluting the stream to his special damage, it is no defense that the proprietor also pollutes the stream, contributing to a public nuisance, no special damage to the city as a lower riparian proprietor being shown.

5. PRESCRIPTION AS DEFENSE IN NUISANCE CASE.

Prescriptive right to flow sewage into a stream can be maintained as a defense only for the quantity of sewage originating the right, and not for any increase thereof.

6. No JOINT LIABILITY FOR SEVERAL NUISANCES, WHEN.

Where a city and individuals are casting filth into a stream to the damage of a lower riparian proprietor, the city can be held liable only for the *quantum* of pollution caused by itself, and not for that caused by individuals though they are situated within the limits of the city.

7. DAMAGES COMPUTED TO, IN EQUITABLE ACTION.

In an equitable action to enjoin a nuisance and for damages, the damages, if allowed, should be computed to the first day of the trial term.

APPEAL by defendant.

Horr & Lewenthal, for plaintiff:

Transfer of title no defense. Section 5012 Rev. Stat.; Lowry v. Anderson, 57 Ohio St. 179 [48 N. E. Rep. 810]; Wolf v. Coddington, 5